# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:** <br><br> **William Soppick, Jr.** <br>     Debtor <br> **Melissa Soppick** <br>     Joint Debtor <br> **NewRez LLC D/B/A Shellpoint Mortgage Servicing** <br><br>     Movant <br> v. <br> **William Soppick, Jr.** <br> **Melissa Soppick,** <br>     Debtor/Respondent <br> **Scott F. Waterman, Esquire** <br>     Trustee/Respondent | Bankruptcy No. 16-14318-amc <br><br> Chapter 13 <br><br> Hearing Date: March 3, 2021 <br> Hearing Time: 11:00 a.m. <br> Location: Courtroom #4, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Suite 204, Philadelphia, PA 19107 |

### MOTION OF NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING TO FORECLOSE ON 500 BALDWIN AVENUE, NORRISTOWN, PA 19403

Secured Creditor, NewRez LLC D/B/A Shellpoint Mortgage Servicing, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), William Soppick, Jr. and Melissa Soppick, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on June 16, 2016.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and

statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On November 23, 2011, William Soppick Hr and Melissa Soppick executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $188,870.00 to Real Estate Mortgage Network, Inc., a Corporation. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on December 12, 2011 in Book 13207 at Page 02769 of the Public Records of Montgomery County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 500 Baldwin Avenue, Norristown, PA 19403, ("the Property").

6. A loan modification was entered into on April 3, 2014, creating a new principal balance of $139,117.72. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to NewRez LLC D/B/A Shellpoint Mortgage Servicing and same was recorded with the Montgomery County Recorder of Deeds on April 18, 2019, as Instrument Number 2019023497. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor(s)' Confirmed Chapter 13 Amended Plan (Docket No. 16), the Debtor is curing the pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining ongoing post-petition payments directly to Secured Creditor. A true and correct copy of the Confirmed Amended Plan is attached hereto as Exhibit "E."

9. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $1,211.92 which came due on September 1, 2020 through January 1, 2021,

respectively. There is currently a suspense balance of $793.62.

10. Thus, Debtor(s)' post-petition arrearage totaled the sum of $5,265.98 through January 31, 2021.

11. The current unpaid principal balance due under the loan documents is approximately $123,990.93. Movant's total claim amount, itemized below, is approximately $127,043.75. See Exhibit "F."

| | |
|---|---|
| Principal Balance | $123,990.93 |
| Interest to 1/1/2021 | $3,797.24 |
| Fees | $410.00 |
| Funds Owed to Borrower | ($1,154.42) |
| Total to Payoff | $127,043.75 |

12. According to the Debtor(s)' schedules, the liquidation value of the property is $178,470.00. A true and accurate copy of the Debtor(s)' Schedule D is attached hereto as Exhibit "G."

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure

action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit NewRez LLC D/B/A Shellpoint Mortgage Servicing to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: February 10, 2021

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@rascrane.com